## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Cheri L. Olson,

      Plaintiff,        Case No. 2:09–cv–841

  v.             Judge Michael H. Watson

Michael J. Astrue,
Commissioner of Social Security,

      Defendant.


## <u>OPINION AND ORDER</u>

  Plaintiff brought this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security denying her applications for Supplemental Security Income and Social Security disability benefits. This matter is before the Court on Plaintiff Olson's July 14, 2010 objections (doc. 17) to Magistrate Judge Mark Abel's July 6, 2010 Report and Recommendation (doc. 15) that the decision of the Commissioner denying benefits be affirmed.

  The Court reviews *de novo* those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff objects.  28 U.S.C. § 636(b)(1)(C).  The following standard of review applies to the Commissioner's decision:

> The Commissioner's conclusion will be affirmed absent a determination that the [administrative law judge] failed to apply the correct legal standard or made fact findings unsupported by substantial evidence in the record. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lindsley*, 560 F.3d at 604 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Walker v. Sec'y of Health and Human* Services, 980 F.2d 1066, 1070 (6th Cir.1992); *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir.2008) (noting that substantial evidence is "more than

a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).

*Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010).

Plaintiff Cheri L. Olson alleges she became disabled at age 41 by a combination of mental and physical impairments. The administrative law judge found that she retained the ability to perform medium work that involved no more than simple to moderately complex routine tasks and did not involve significant change, high production quotas, heavy production demands, face to face interaction with the public, or more than superficial contact with supervisors and coworkers. The administrative law judge concluded that, given that residual functional capacity, Olson could perform her past work as a telephone sales representative.

Plaintiff argues here, as she did before the Magistrate Judge, that the administrative law judge erred in refusing to give controlling weight to the opinion of Dr. Nathan Shiflett, Olson's treating psychiatrist between October 24, 2003 and November 2, 2004, that her psychiatric symptoms prevented her from working. She asserts that his opinion is consistent with the opinions of two other treators, Dr. Kathy E. Shy and Mr. Jeffrey Luftman. Plaintiff argues that the one year treatment relationship Dr. Shiflett had with Olson put him in the best position to assess the limitations imposed by her psychiatric impairments. Dr. Shiflett concluded that plaintiff's somatic complaints were a function of the stress and confusion of her cognitive and perceptual disorder. (R. 271.) Dr. Shiflett also said that Olson exhibited poor attention, concentration, and distractibility; persistent mood swings; poor anger control, and irritability. (R. 260, 262, and 286.) Plaintiff argues that there is no evidence that, as the administrative law judge

found, Dr. Shiflett relied heavily on Olson's subjective complaints when he stated the limitations imposed by her psychiatric impairments.

The Report and Recommendation addresses these arguments as follows:

Treating Doctor: Discussion. The administrative law judge rejected Dr. Shiflett's opinion:

> Dr. Shiflett, a treating psychiatrist, assessed that it would be "extremely difficult" for the claimant to maintain employment due to her numerous physical complaints (Exhibit B10F, page 2). Quite obviously, this opinion as to the claimant's employability based on limitations arising from her physical problems is based on an assessment of impairments that are outside the doctor's area of expertise. The opinion is not supported by the medical evidence of record and appears to be based solely only on the claimant's subjective complaints. Further, his conclusion that the claimant is "unable to maintain employment" addresses an area reserved to the Commissioner under Social Security Ruling 96-5p and 20 CFR § 404.1527(e) and § 416.927(e). In light of the above, this opinion can not be given any weight.
>
> On June 4, 2004, Dr. Shiflett assessed that the claimant's mental residual functional capacity was limited to such an extent that he anticipated that the claimant would miss work more than four days per month (Exhibit B13F, pages 6 through 11; see all Exhibit B10F, page 2). Dr. Shiflett's opinion similarly cannot be given great weight as it is not supported by the longitudinal record . . . and appears to rely quite heavily on the claimant's subjective allegations. Further, the severity of the limitations assessed appear to be internally inconsistent with the GAF of 55 contained in the same report, as such a GAF reflects only moderate mental symptomatology. Last, unlike Dr. Madden, Dr. Shiflett did not have access to all the evidence that is in the record in this case.

(R. 28-29.) The administrative law judge noted that Dr. Shiflett described plaintiff's presentation as very vague and evasive. He also found her extremely dramatic. Despite her reported auditory hallucinations, Dr. Shiflett noted that plaintiff did not appear to be responding to any type of hallucinations during the examination. (R. 18.)

The administrative law judge dismissed plaintiff's arguments that Dr. Shy's GAF scores indicated that she was disabled from work because of the nature of GAF scores and because of plaintiff's overall credibility:

The claimant's attorney cited the GAF rating of 35-40 assigned by Dr. Shy on September 23, 2005 in support of the claimant's claim (*see Opening Statement* in B section of Exhibit file). However, that rating, as well as all other such GAF ratings, do not constitute a residual functional capacity opinion. While it is acknowledged that a GAF score of 50 or less is indicative of serious mental symptomatology, it must be remembered that a GAF score represents a particular clinician's subjective evaluation at a single point in time. The GAF score may vary from day to day and time to time, and between practitioners. While the GAF score may be used for treatment purposes, it is not designed for adjudicative determinations. An individual may be highly functioning at work but have lower scores due to other personal problems *(see Diagnostic and Statistical Manual of Mental Disorders* (DSM-IV)(4th Ed. Rev. 1994). For these, and the other numerous other reasons discussed above and below, especially concerning the claimant's overall credibility (as GAF scores are generally based on the claimant's subjective allegations and presentation), all such GAF scores are given far less weight than the bulk of other, more compelling, convincing and credible, evidence.

(R. 29.) Dr. Shy had significant reservations concerning the credibility of Olson's allegations. She believed that Olson might be exaggerating the severity of some of her symptoms. Olson indicated that she was homebound based on her fear that someone could decide that she was not disabled and that she should get a job. With respect to her claims of agoraphobia, Dr. Shy noted that she was arrested for shoplifting in a large discount store this past July. Dr. Shy also found it remarkable that despite taking relatively high doses of psychotropic medications, Olson denied adverse effects from these medications. Given Dr. Shy's reservations concerning Olson's credibility, particularly in conjunction with other evidence in the record demonstrating that other treatment providers also raised concerns about the possibility of her exaggerating her symptoms, there is substantial evidence in the record to support [the] administrative law judge's decision not to credit the GAF score assigned by Dr. Shy.

With respect to Mr. Luftman, the administrative law judge stated:

The opinion of Mr. Luftman (Exhibit B16F, page 27) is rejected. First, he is a counselor, and pursuant to Social Security Ruling 96-2p his opinion is not entitled to controlling weight, nor are they treated as "medical opinions." Second, and more significantly, his opinion is not supported by the greater weight of the objective and credible evidence in the record. It appears that he rather relied quite heavily on the subjective reports of symptoms and limitations

provided by the claimant, which, for the reasons discussed later in this decision, have not been found to be fully credible.

(R. 29.) As a counselor, Mr. Luftman's opinion is not entitled to controlling weight. Furthermore, Mr. Luftman's opinion was based on plaintiff's reports of her symptoms. The administrative law judge concluded that Olson is not credible with respect to the severity of her symptoms.

The administrative law judge's credibility assessment was based in part on her earnings record, which did not suggest a strong or consistent commitment to competitive work activity as an adult. Olson also never pursued vocational rehabilitation services, which according to the administrative law judge, could indicate an interest in and commitment to work. The administrative law judge also noted that a conviction for shoplifting reflected adversely on her overall honesty. Olson acknowledged that she was not a psychic despite past work on a psychic hotline. She also acknowledged that her children did not live in the school district of the school that they were attending. Plaintiff argues that the administrative law judge erred in relying on these factors to assess her credibility, but I cannot say that it was improper for the administrative law judge to consider these facts to evaluate her credibility.

The administrative law judge also noted that Olson had been non-compliant with medical recommendations with respect to smoking and her psychotropic medications. The administrative law judge also outlined various inconsistent reports made by Olson to her treatment providers:

> The claimant has made numerous exaggerated and inconsistent statements. For example, with respect to her alleged auditory hallucinations, the claimant has inconsistently alleged hearing two voices, but at other times hearing just one voice (compare Exhibits B16F, page 62 and B11F, page 2). She has generally claimed that what she hears is benign and has even described the voice as a "spiritual guide." However, at the hearing, the claimant inconsistently alleged that the voices tell her to do bad things to herself, which she refused to disclose because of the presence of men in the hearing room. She then admitted she has not advised her female psychiatrist of this problem. Furthermore, quite inconsistent with the claimant's longstanding allegations of experiencing both auditory and visual hallucinations, none of her treating or examining physicians or counselors has ever reported that they observed the claimant responding to such hallucinations during treatment (Exhibits B10F, B11F, B13F, and B16F). Nor was there any indication that she was responding to any such hallucinations during the hearing.

The claimant has inconsistently reported no history of suicide attempts (*see* Exhibit B16F, page 46); a history of superficially cutting her wrist (*see* Exhibit B16F, page 63); and a history multiple suicide attempts by overdose, wrist cutting, and by firearm. (Exhibit B16F, page 13).

(R. 33.) The administrative law judge also noted inconsistencies concerning her ability to perform household chores, her ability to leave her home, and her substance use and abuse. (R. 34-35.)

Given that the opinions of Dr. Shiflett, Dr. Shy, and Mr. Luftman were entirely based on plaintiff's subjective allegations, the administrative law judge's reliance on plaintiff's inconsistent statements in the record constitutes substantial evidence in the record supporting the decision to reject those opinions.

July 16, 2010 Report and Recommendation at 25-29, Doc. 15.

Plaintiff argues that the Magistrate Judge failed to discuss the administrative law judge's failure to consider several factors that are used to determine the weight to assign a treating source's opinion. The factors are: the length of the treatment relationship; the frequency of examination; the nature and extent of the treatment relationship; how well-supported the opinion is by medical signs and laboratory findings; its consistency with the records as a whole; the treating source's specialization; the source's familiarity with the Social Security program and understanding of its evidentiary requirements; and the extent to which the source is familiar with other information in the case record relevant to the decision. Here, plaintiff maintains that the administrative law judge failed to consider the length of the treatment relationship with Dr. Shiflett, the frequency of the treatment with him, the nature and extent of the treatment relationship, and the consistency of Dr. Shiflett's opinion with his own findings and the findings of other treatment providers. Specifically, plaintiff relies on the fact that Dr. Shiflett treated her on a regular basis from October 24, 2003 through November 2, 2004. Plaintiff

maintains that Dr. Shiflett was in the best position to assess her limitations based on his opportunity to see her on a regular basis, diagnose her impairments and provide counseling. Dr. Shiflett also had the opportunity to prescribe and adjust her medication. Plaintiff maintains that Dr. Shiflett had a close relationship with her. She also notes Dr. Shiflett is a specialist in the field of psychiatry.

The administrative law judge recognized, however, that because Dr. Shiflett was a psychiatrist, his opinion with respect to plaintiff's physical impairments was not entitled to deference. *See* R. 28 ("[T]his opinion is as to the claimant's employability based on limitations arising from her physical problems is based on an assessment of impairments that are outside the doctor's area of expertise.").

The administrative law judge acknowledged that Dr. Shiflett treated plaintiff from November 19, 2003 to November 2, 2004 on a monthly basis. *See* R. 20. Thus, the administrative law judge took into account the length of the treatment relationship in addition to the regularity of the treatment sessions. The administrative law judge also noted that "her medication regimen consisted of varying combinations of Valium, Seroquel, Celexa, Depakote, Geodon, and/or Lexapro (Exhibits B10F, pages 1-8 and B13F, pages 1 through 5)." (R. 20.) As a result, it is evident that the administrative law judge recognized that Dr. Shiflett had the opportunity to prescribe and adjust plaintiff's medications.

Plaintiff further argues that Dr. Shiflett's opinion was internally consistent, but the administrative law judge concluded otherwise, in part based on his credibility determination. Plaintiff's arguments that Dr. Shiflett's opinion was consistent with other

substantial evidence in the record is also unavailing considering that all her treating doctors questioned whether plaintiff was exaggerating her symptoms.

As the administrative law judge's decision and the Report and Recommendation demonstrate, the administrative law judge did not reject Dr. Shiflett's opinion on the limitations imposed by Olson's psychiatric impairments solely on the basis that his opinion credited her subjective complaints. Dr. Shiflett himself described Olson's presentation of her complaints as very vague and evasive. She was extremely dramatic. She  reported symptoms (hallucinations) that were not documented during examination. Similarly, Dr. Shy said that Olson might be exaggerating the severity of some of her symptoms. Despite complaining of agoraphobia, Olson was arrested for shoplifting in a large department store.

The administrative law judge also independently assessed Olson's credibility and determined that she was exaggerating her symptoms. The administrative law judge found that Olson's earnings record and her failure to pursue vocational rehabilitation services demonstrated a lack of commitment to work. Her shoplifting conviction also suggested dishonesty. She worked on a psychic hotline but conceded that she was not a psychic. Her children attended school in a district that they did not live in. The administrative law judge also relied on plaintiff's noncompliance with medical recommendations.

Substantial evidence supports the administrative law judge's credibility findings. Given plaintiff's lack of credibility and the inconsistencies identified by the administrative law judge in the treatment records from Dr. Shiflett and Dr. Shy, the Court concludes

that there is substantial evidence supporting the Commissioner's decision that plaintiff Olson is not disabled.

Accordingly, the decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED**.

IT IS SO ORDERED.

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**